UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD LEON WILSON, A/K/A EDDIE WILSON<br><br>Defendants. | 3:23-CR-30079-RAL<br><br>ORDER ON CERTAIN MOTIONS IN LIMINE |

On October 2, 2023, this Court held a pretrial conference and motion hearing at which it heard argument and ruled upon parts of motions in limine filed by the Government and Defendant Edward Leon Wilson, a/k/a Eddie Wilson. Docs. 26, 29, 34, 39. Rulings on motions in limine are preliminary in nature, subject to reconsideration depending on the evidence at trial and whether a party successfully opposing admission of certain evidence opens the door to its admissibility during trial. The granting of a motion in limine precludes certain matters from being presented to the jury—whether in voir dire, opening statements, questioning of witnesses, statements by witnesses, or closing argument—unless this Court rules otherwise after discussion with counsel outside the hearing of the jury. For the reasons discussed on the record during the pretrial conference, it is hereby

ORDERED that the Government's Motions in Limine, Doc. 29 is granted in part and denied in part to the extent that (1) no party shall make reference to penalty or punishment, except for references to "serious offense" and "felony offense"; (2) neither counsel nor witnesses may opine on Defendant's guilt or innocence; this, of course, does not preclude counsel from arguing about whether the evidence does or does not establish guilt beyond a reasonable doubt and does not preclude Defendant from testifying or his counsel from arguing that he is actually innocent; (3) hearsay statements of Defendant offered by Defendant are excluded, except the defense may introduce the entirety of Defendant's statement if the Government

introduces a portion of the statement out of its context; (4) witnesses shall be sequestered, except for each party's investigative or administrative assistants, including Special Agent Richard Kumley, John Duffy, and DeLynn Hansen. It is further

ORDERED that Defendant Edward Leon Wilson's, a/k/a Eddie Wilson, Motions in Limine, Docs. 26, 34, 39, are granted in part and denied in part to the extent that (1) based on the proposed stipulation, and Old Chief v. United States, 519 U.S. 172 (1997), this Court will restrict admission of details of the predicate domestic violence convictions; (2) this Court intends to allow Erin Brave to testify about Edward Wilson's prior behavior of domestic assault and witness tampering as the underlying circumstances are relevant under Rule 404(b)(2), but will give strict limiting instructions; (3) evidence or testimony regarding Defendant's status on supervised release or his arrest for a supervised release violation will not be admitted and Exhibit 32 shall be amended appropriately; (4) any statement or evidence allowing the inference that the Federal Public Defender's Office had any involvement in Clare Emery filing an affidavit recanting her prior statements to law enforcement will be excluded; (5) Exhibits 2 and 3 will be permitted for demonstrative purposes only but will not be admitted as substantive evidence; (6) this Court intends to admit Clare Emery's May 29, 2023 911 call with a limiting instruction; (7) this Court is inclined to admit Officer Drury Cook's body camera footage without audio, but would allow audio or testimony from the officer for impeachment purposes only if Clare Emery denies or otherwise dishonestly dodges material statements made to the officer; (8) Defendant's motion to exclude the Government's expert witness is denied.

DATED this 3rd day of October, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE